After the decision was pronounced, Wells, Fargo & Co. filed a new bill presenting certain questions of jurisdiction, which the court ordered to be first heard; but, on the day preceding the time set for argument, all matters in controversy were amicably adjusted,—Wells, Fargo & Co. securing full express facilities upon those parts of the road necessary for through business, and satisfactory rates between other points, leaving the local business to be done by the railroad express.—[ED.

---

HALE v. CONTINENTAL LIFE INS. CO.

(Circuit Court, D. Vermont. May 29, 1883.)

1. PLEADINGS — ANSWER BY CORPORATION, BY WHOM SHOULD BE MADE, AND WHAT CONTAIN.

In a suit against a corporation the answer should be made by the principal officer of the corporation, who should be able to admit or deny the facts charged and interrogated about, or to state want of knowledge clearly and truly as a reason for not doing either.

2. SAME—CASE STATED.

The answer stated a belief of the secretary, making answer, that a certain pamphlet or leaflet like that described in the bill was delivered to agents, but does not directly admit or deny the furnishing of such to its agent who insured

the orator, and stated no want of knowledge of the other officers of the company as to these facts. *Held*, insufficient answer, on the ground that it should have distinctly stated one way or the other, according to the facts.

In Equity.

*Gilbert A. Davis*, for plaintiff.

*Charles W. Porter*, for defendant.

WHEELER, J.   The answer as amended is still insufficient to withstand the orator's exceptions.   The answer should be made by the principal officer of the defendant corporation, who should be able to admit or deny the facts charged and interrogated about, or to state want of knowledge clearly and truly as a reason for not doing either. This answer states a belief of the secretary making answer that a pamphlet or leaflet like that described in the bill was delivered to agents, but does not directly admit or deny the furnishing of such to its agent Hale, who insured the orator; nor does it state any want of knowledge of the other officers of the company as to these facts. This should be distinctly stated one way or the other, according to the facts.

The purport of the whole bill seems to be to the effect that the orator was to share in the profits by being credited with as many dividends as he paid annual premiums, and that he paid five.   The amount of dividends from 1867 to 1871, the time during which he paid premiums, is stated in the answer, and is stated to be large enough to cancel the notes, and this would be sufficient if those were the ones he is entitled to have credit for to apply on the notes.   But it does not seem proper to decide, in this interlocutory proceeding, whether these are the ones to which he is so entitled or not.   There are some strong reasons for holding that they are not.   The answer does not state either the dividends to the same class, nor the profits from which dividends might have been made, if they were not for the four years next after 1871.   These should be clearly stated.   The statement of dividends to stockholders is not pertinent to and does not at all answer the charges in the bill and the interrogatories founded thereon.   Neither does the statement about changes of the mode of doing this business by this and other companies.

The orator does not appear to be interested in these dividends or profits beyond the four years next following the year 1871, in which the dividend for that year was applied to the extinguishment of the note part of the premium for that year.   The policy was not lapsed, as the defendant claims, for, by its terms, it was in force as to part of the sum due.   Neither was it in force for earning any more divi-

dends than there were premiums paid, as the orator claims. But it was in force as a policy for the amount due by its terms, and for earning four more dividends than the defendant applied to it. The *data* for the determination of the amount of those dividends should be stated in the answer as arising in the four years next after 1871, if they can be; and the reasons why they cannot be, if they cannot be, should be stated clearly and distinctly.

The exceptions are again sustained, and defendant ordered to answer over by July rule-day.